# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RONALD M. AYERS, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:10-CV-00612 |
| | § | |
| BOARD OF REGENTS OF THE | § | |
| UNIVERSITY OF TEXAS SYSTEM, | § | |
| *Defendant*. | § | |

## DEFENDANT BOARD OF REGENTS' EMERGENCY MOTION TO QUASH AND STAY DISCOVERY

Defendant Board of Regents of the University of Texas System ("the Board") files this *Emergency Motion to Quash and to Stay Discovery*. Plaintiff has noticed a dozen depositions of Board of Regent members and other officials—starting as early as June 28, 2011—even though no live pleading is on file in this case. Discovery should be stayed until Plaintiff has filed an amended complaint, served the parties from whom he seeks discovery, and conferred as required by Rule 26(f).[1]

---

[1] It is unclear whether Plaintiff opposes the motion to stay, because Plaintiff's counsel refused to respond to indicate whether he opposed the motion. On June 21, 2011, the undersigned counsel emailed Plaintiff's counsel asking him to respond by the close of the business day. *See* June 21 Email Chain, attached hereto as **Exhibit 1**, at p. 1. The stay would accomplish Plaintiff's goal of extending the September 2011 discovery cutoff. *See* Plaintiff's Supplemental Reply [Docket No. 36] (seeking extension of the September 8, 2011 discovery cutoff and other dates).

Plaintiff's counsel received the June 21 email, and immediately filed it with the Court in his Supplemental Reply at 3:03 pm the same day. *See id.* at Exhibit A. However, Plaintiff's counsel made no effort to communicate to undersigned counsel whether he opposed the motion. Plaintiff's counsel has had a history of refusing to confer in this lawsuit, requiring the Magistrate Judge to admonish the parties to strictly adhere to the requirement of conferring in good faith. *See* April 6, 2011 Order [Docket No. 24], at p. 2, n.2.

# I.
## INTRODUCTION AND SUMMARY

Plaintiff has put the Board and the Court in an awkward position by conducting discovery against non-parties while refusing to file an amended complaint, even though leave to amend was granted nearly three months ago.  The District Court, in denying the Board's appeal regarding leave to amend, invited the Board to reurge its arguments regarding pleading deficiencies and limitations "in a motion to dismiss the amended complaint."  Docket No. 28, at 2.  Plaintiff is circumventing this by refusing to file an amended complaint, and instead is now conducting onerous discovery transparently intended to pressure the Board to settle.[2]

At the same time, Plaintiff seeks an extension of the September 8, 2011 discovery cutoff, so that he may have adequate time for discovery.  The Board respectfully suggests that the best solution would be to stay all discovery until: 1) the amended complaint has been filed, 2) all motions to dismiss or motions for a Rule 7(a) rely have been addressed, 3) the answers of all defendants are on file, and 4) the parties have conferred in accordance with Rule 26(f).

Both the Board and the proposed individual defendants—who are potentially entitled to sovereign immunity and qualified immunity from suit—would be prejudiced

---

[2] As the Board wrote in its *Response to Plaintiff's Appeal of the Magistrate Judge's Order* [Docket No. 33], Plaintiff's counsel had previously threatened to seek "E-discovery of the computer files for every professor at the University of Texas system wide," and indicated he anticipated raising discovery disputes before the Court.  *See* Docket No. 33, at 4.  The Board requested that the Court provide appropriate guidance to the parties before such discovery disputes surfaced.  *Id.* at 5.  Unfortunately, before the Court had the opportunity to consider this request, this discovery dispute emerged.

without a stay.  Plaintiff would benefit, rather than be prejudiced by a stay, given that he is repeatedly urging that the discovery cutoff deadline be extended.

## II.
## ARGUMENT: PLAINTIFF'S DEPOSITION NOTICES SHOULD BE QUASHED AND DISCOVERY STAYED

### A.     The Court Should Quash the Improper Deposition Notices.

This emergency motion results from Plaintiff's counsel attempting to serve upon undersigned counsel a dozen deposition notices for individual Board of Regent members and UT-San Antonio officials.  *See* June 21 Email Chain, attached as **Exhibit 1**, at p. 3. These notices purport to require undersigned counsel to make the Regents available at Plaintiff's counsel's office on short notice—as early as June 28, 2011.  *See id.*

A representative example of the 12 deposition notices is attached as **Exhibit 2**. Exhibit 2 purports to serve "Defendant Janiece Longoria" through "his [sic] attorneys of record, DREW L. HARRIS."  **Exhibit 2**, at 1.  Ms. Longoria (a former Regent) is not currently a defendant, and is not represented by undersigned counsel.  The undersigned counsel does not represent any of the individual defendants, because they have not been named in a live pleading, have not been served, and have not requested representation from the Attorney General's Office.

When undersigned counsel pointed this out (again) to Plaintiff's counsel in a June 20th email, Plaintiff's counsel's response was to threaten to subpoena the Regents directly for depositions.  *See* June 21 Email Chain (**Exhibit 1**), at 1-2.  The following day, on June 21, Plaintiff's counsel misrepresented to the Court that he had "recently served

counsel for **Defendant<u>s</u>** with deposition notices." Plaintiff's Reply [Docket No. 35], at 2 (emphasis added).

As a threshold matter, the 12 deposition notices are simply void because no service was made. In an abundance of caution, the Board moves to quash the deposition notices/subpoenas as improper discovery barred by the Federal Rules, which provides that a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) ...." FED. R. CIV. P. 26(d)(1). Moreover, the Board objects to the deposition notices of high level officials as imposing unduly burden and harassment. *See Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. C-05-4374-MMC (JL), 2007 WL 205067, at *3 (N.D. Cal. Jan 25, 2007) ("Virtually every court that addressed deposition notices directed at an official at the highest level or 'apex' of corporate management has observed that such discovery creates a tremendous potential for abuse or harassment.")

### B.    Plaintiff's Improper Written Discovery Requests Highlight Why Discovery Should Be Stayed.

Plaintiff also attempted to serve written discovery upon the University of Texas at San Antonio ("<u>UTSA</u>") through "its attorney of record, DREW L. HARRIS." *See* Plaintiff's First Set of Request for Production to Defendant, The University of Texas at San Antonio (hereafter, "<u>Plaintiff's RFPs</u>") attached hereto as **<u>Exhibit 3</u>**. Plaintiff's RFP contain ***115 separate requests*** for document production, including the following:

- **Request No. 5**: "Lists or other documents reflecting the name, last known residential address and gender, race, ethnicity and age of all tenured faculty members who were employed by you during Plaintiff's employment, and dates of employment of each."

- **Request No. 7**: "The entire personnel files including application, resume, disciplinary records and performance evaluations … for all tenured faculty members currently employed with Defendants …."

- **Request No. 13**: "All documents reflecting the rate of pay and any and all changes in rate of pay for each and every tenured faculty member."

**Exhibit 3**, at pp. 7-9. These onerous requests are transparent efforts to impose substantial discovery costs upon UTSA in an effort to coerce the Board into settlement. UTSA is not a party, and in fact, the Magistrate Judge denied Plaintiff leave to assert a Section 1983 claim against UTSA. *See* April 6, 2011 Order [Docket No. 24], at 10-11 (claim against UTSA barred by Eleventh Amendment immunity).

UTSA is entitled to immunity from suit, which means immunity from such onerous discovery burdens. Moreover, because Plaintiff seeks to sue government officials in their individual capacity, they would be potentially entitled to qualified immunity from suit. Permitted discovery to take place before immunity issues are addressed would prejudice all defendants.

Accordingly, discovery should be stayed until after all motions to dismiss or motions for a Rule 7(a) rely have been addressed.

### C. Plaintiff Would Benefit From a Stay, Rather Than Be Prejudiced.

As described in detail in the Board's Response to Plaintiff's Appeal of Magistrate Judge's Order, Plaintiff has delayed significantly in prosecuting this case. *See* Docket No. 33, at pp. 2-4 (describing delays before and after Plaintiff obtained new counsel). Plaintiff would not be prejudiced by a temporary stay of discovery when he has already waited nearly three years after his termination to begin any discovery efforts whatsoever.

Moreover, a stay would directly benefit Plaintiff, who is repeatedly urging that the discovery cutoff and other scheduling deadlines be extended.  Plaintiff created his current looming discovery cutoff situation by refusing to file an amended complaint and serve the defendants.  Ironically, by issuing improper discovery and bullying the Board into requesting a stay, Plaintiff will benefit by getting a new discovery cutoff date.

## IV.
## CONCLUSION

For the reasons stated above, Defendant Board of Regents of the University of Texas System respectfully requests that this Court quash the deposition notices issued by Plaintiff, and stay all discovery in the case until: 1) the amended complaint has been filed, 2) all motions to dismiss or motions for a Rule 7(a) rely have been addressed, 3) the answers of all defendants are on file, and 4) the parties have conferred in accordance with Rule 26(f).

DATE: June 22, 2011                          Respectfully submitted,

                                             GREG ABBOTT
                                             Attorney General of Texas

                                             DANIEL T. HODGE
                                             First Assistant Attorney General

                                             BILL COBB
                                             Deputy Attorney General for Civil Litigation

                                             DAVID C. MATTAX
                                             Director of Defense Litigation

                                             ROBERT B. O'KEEFE
                                             Chief, General Litigation Division

/s/ Drew L. Harris
DREW L. HARRIS
Assistant Attorney General
State Bar No. 24057887
Office of the Attorney General
P.O. Box 12548
Austin, Texas  78711-2548
(512) 463-2120
(512) 320-0667 (FAX)

**ATTORNEYS FOR DEFENDANT
BOARD OF REGENTS OF THE
UNIVERSITY OF TEXAS SYSTEM**

## CERTIFICATE OF CONFERENCE

On June 21, 2011, the undersigned counsel emailed Plaintiff's counsel at 12:22 pm, asking that he respond by 5:00 pm that day and indicate whether he opposed this motion.  *See* **Exhibit 1** attached hereto.  Plaintiff's counsel received the email, and attached it to a filing made with the court at approximately 3:03 pm.  *See* Docket No. 36, at Exhibit A.  Plaintiff's counsel made no effort to respond to indicate whether he opposed the motion.

Accordingly, the Court should probably treat this motion as opposed.

Certified on June 22, 2011.

/s/ Drew L. Harris
DREW L. HARRIS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent via Electronic Filing Notification System on this the 22th day of June, 2011, to:

Glenn Deutsch Levy
906 West Basse Road - Suite 100
San Antonio, TX 78212
glenn@glennlevylaw.com

/s/ Drew L. Harris
DREW L. HARRIS