UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

RONALD M. AYERS,                    *
                                    *
              Plaintiff,            *
                                    *
      v.                            *        CIV. NO. SA-10-CA-612-FB
                                    *
BOARD OF REGENTS UNIVERSITY OF      *
TEXAS SYSTEM,                       *
                                    *
              Defendant.            *

<u>ORDER</u>

Before the Court is defendant, the Board of Regents' Motion to Quash and to Stay Discovery. (Docket no. 37). Upon consideration of the motion and applicable law, the Court finds defendant's motion should be **GRANTED**.

<u>Procedural Background</u>

Plaintiff, Ronald M. Ayers, sued the Board of Regents, *pro se*, on July 26, 2010. (Docket no. 1). Subsequently, defendant filed a motion to dismiss (docket no. 5), and plaintiff, now represented by counsel, sought leave to amend his complaint (docket no. 14). Plaintiff's proposed amended complaint sought to add as defendants, the University of Texas at San Antonio ("UTSA"), President Ricardo Romo, Provost Rosalie Ambrosino, Dean Lynda De La Vina, and U.T. Board of Regents members: Colleen McHugh; James D. Dannebaum, P.E.; Paul L. Foster; Printice L. Gary; H. Scott Caven, Jr.; John W. Barnhill, Jr.; James R. Huffines; Janiece Longoria; and Robert Rowling. (Id.). Additionally, plaintiff sought to assert claims

for violation of procedural and substantive due process, equal protection and false imprisonment under 42 U.S.C. § 1983, negligent hiring, breach of contract, fraudulent misrepresentation, violation of the Family Medical Leave Act, Intentional Infliction of Emotional Distress and Tortious Interference With a Contract. (Id.)  On April 6, 2011, plaintiff's motion for leave to amend was granted in part and denied in part; plaintiff's motion was denied insofar as plaintiff sought to add a claim against UTSA pursuant to Section 1983, and granted in all other respects.  (Docket no. 24). Further, defendant's motion to dismiss was ordered stricken as moot, subject to being reurged based on Plaintiff's First Amended Petition.  (Docket no. 24).  On April 6, 2011, a scheduling order was also entered (docket no. 25), which required, among other things, the parties to file all motions to amend or supplement pleadings or to join additional parties by July 6, 2011, and to complete discovery on or before September 8, 2011.

Defendant appealed the order striking the motion to dismiss as moot and granting, in part, plaintiff leave to amend his complaint (docket no. 27), and on appeal, Chief District Judge Biery affirmed the order (docket no. 28).  Additionally, defendant sought to stay the proceedings pending its appeal of the magistrate's order (docket no. 26); however, defendant's opposed motion to stay the proceedings was denied.  (Docket no. 26).  On May 17, 2011, plaintiff filed an opposed motion to extend the scheduling order

2

deadlines, arguing that "[although this case was filed earlier in the year pro se, the Magistrate just recommended that Plaintiff's First Amended Complaint be filed"; defendant appealed this ruling; this Court decided the appeal; there has not been a ruling; there has not been a Rule 26 scheduling conference; there has not been an initial pretrial hearing in this case; opposing counsel refuses to agree to this motion; and opposing counsel and defendant refuse to produce witnesses or cooperate for deposition dates.  (Docket nos. 29 and 31).

In an order denying plaintiff's motion, the Court noted that on January 11, 2011, an Order and Advisory for Scheduling Recommendations was issued, ordering plaintiff to confer with opposing counsel and submit a proposed scheduling order by February 14, 2011.  Plaintiff was advised that if he failed to do so, the Court would issue its own Scheduling Order.  Nevertheless, plaintiff failed to submit a proposed Scheduling Order and consequently, the Court issued its own Scheduling Order on April 6, 2011.  Simultaneously, the Court issued an order, rather than a recommendation as plaintiff suggests, granting plaintiff's motion to amend in part.

On June 17, 2011, counsel for plaintiff emailed opposing counsel notices of plaintiff's intent to take the oral deposition of thirteen additional parties, including the individual board members named in plaintiff's amended complaint who had not yet been

served with notice of the lawsuit.  (Docket no. 37).  No attempt to confer regarding the dates of these depositions appears to have been made.  On June 22, 2011, defendant filed the present motion to quash and to stay discovery, arguing that plaintiff had noticed a dozen depositions even though no live pleading was on file in this case; plaintiff had not served the parties either with notice of the lawsuit or notice of his intent to take their deposition pursuant to Fed.R.Civ.P. 45; no attempt to confer regarding the dates of the depositions was made; and further, no Rule 26(f) conference had been held.  Defendant's certificate of conference states that on June 21, 2011, he emailed opposing counsel, who attached the email to a document filed with the court at 3:00, but plaintiff's counsel made no attempt to respond or otherwise confer with defense counsel.

## Discussion

### A.  *Plaintiff's Amended Complaint*

Although plaintiff's motion for leave to amend was granted in April of 2011, plaintiff's amended complaint was not docketed.  Nor did plaintiff make any attempt to file a corrected amended complaint in light of the Court's order denying plaintiff's motion in part.  Nevertheless, the clerk has since docketed Plaintiff's Amended Complaint (docket no. 38); however, because this amended complaint contains a Section 1983 claim against UTSA that the Court has denied, plaintiff is **ORDERED** to file a corrected Amended

Complaint in strict adherence to this Court's April 6, 2011 order, within five (5) days from the date of this order.

## B. Service of Suit and Deposition

Plaintiff seeks to take the deposition of various board members named in his amended complaint who have not yet been served with notice of the suit, are presently not represented by counsel, and were not served with notice of the plaintiff's intent to take their deposition in accordance with Fed.R.Civ.P. 45.  Instead, plaintiff appears to have emailed opposing counsel with notice of his intent to take these depositions.  Counsel for defendant maintains that these proposed deponents are not yet parties to this suit, and therefore, he does not currently represent them, nor can he accept service on their behalf.[1]  Additionally, defense counsel maintains that counsel for plaintiff did not confer regarding a convenient time and place for the deposition.  Notwithstanding these other arguments, the crux of defendant's opposition to these depositions is that all discovery in this case should be stayed until defendant is afforded an opportunity to refile a dispositive motion asserting the defenses of qualified or Eleventh amendment immunity.  Plaintiff objects to this stay, maintaining instead that the discovery deadlines should be extended and he should be afforded the opportunity to engage in discovery.

---

[1]The Court notes that on June 29, 2011, plaintiff requested issuance of summons as to Rosalie Ambrosino, John W. Barnhill, Jr., H. Scott Caven, Jr., James D. Dannebaum, Lynda De La Vina, Paul L. Foster, Printice L. Gary, James R. Huffines, Janiece Longoria, Colleen McHugh, Ricardo Romo, and Robert Rowling.

However, Local Rule CV-12 provides that "[w]hen a party files a motion to dismiss or for summary judgment based on qualified or Eleventh Amendment immunity, the opposing party shall have 11 days from the date the motion is served on the opposing party to file a response and to specify what, if any, discovery is necessary to determine the issue(s) of qualified or Eleventh Amendment immunity and the time period necessary for the specific discovery." **WESTERN DISTRICT OF TX. LOCAL RULE CV-12.** Here, it appears that defendant intends to file a motion in accordance with Rule CV-12 based on qualified or Eleventh amendment immunity. Because qualified immunity is immunity from suit rather than a mere defense to liability, a stay of discovery, rather than an extension, would appear to be more appropriate. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Accordingly, defendant's motion to stay discovery is **GRANTED.** Once plaintiff has responded to defendant's motion and identified the discovery needed to address these immunities, as well as the time period necessary for the specific discovery, the Court will address lifting the stay.

**C. *FED.R.CIV.P. 26(f) Conference and LOCAL COURT RULE CV-7(h)***

While a scheduling order was entered in this case despite the fact that a Rule 26(f) conference does not appear to have been held, Rule 16 provides that a scheduling order be issued "after receiving the parties' report under Rule 26(f); *or* ... after

consulting with the parties' attorneys and any unrepresented parties at a scheduling conference or by telephone, mail, *or other means*." **F**ED**.R.C**IV**.P. 16(b)(1)(A)–(B)**(emphasis added). Here, an Order and Advisory was issued on January 11, 2011, which ordered "that the Plaintiff(s) confer with the Defendant(s) as required by Fed.R.Civ.P. 26(f) and Local Court Rule CV-16(c) to submit a proposed scheduling order for the Court's consideration by **February 14, 2011**." ***But see* F**ED**.R.C**IV**.P. 26(f)(2)**(requiring that "[t]he attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference [or other deadline provided by the Court] a written report outlining the plan"). No response to this order appears to have been filed by the plaintiff. Further, on February 17, 2011, counsel for the defendant filed an advisory with the Court, stating only that "plaintiff, who is represented by counsel, has made no effort to confer with defendant or otherwise prosecute his case." (Docket no. 20). Defense counsel then invited the Court to issue its own scheduling order, whereupon the Court did so. Having made their beds, both sides now adamantly refuse to lie in them.

Indeed, while both sides have leveled accusations at each other, it appears that neither side has fully cooperated in good

faith, nor does it appear that the parties have conferred in good faith on all matters before filing their motions as required by this Court's Local Rules and the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 26(c); WESTERN DISTRICT OF TX. LOCAL RULE CV-7(h). If and when the stay is lifted in this case, the parties will immediately be expected to be "jointly responsible" for arranging a Rule 26(f), for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference, or the date specified by the Court, a written report outlining the plan. **FED.R.CIV.P. 26(f)(2).** Failure to do so could result in sanctions.

## Conclusion

For the foregoing reasons, defendant's motion to quash is **GRANTED.**

Further, plaintiff is **ORDERED** to file a corrected Amended Complaint in accordance with this Court's order, dated April 6, 2011, within five (5) days from the date of this order.

**IT IS FURTHER ORDERED** that defendant's motion to stay is **GRANTED.** Accordingly, the Court **ORDERS** that the current scheduling order (docket no. 25), be **WITHDRAWN,** and that discovery in this case be **STAYED** until further ordered by this Court.

The parties are again cautioned that although discovery is being stayed, they are nevertheless required, with or without a Rule 26(f) conference, to cooperate in any matter relevant to this

8

litigation or be subjected to sanctions. ***All parties are admonished they are required by this Court's Local Rules and the Federal Rules of Civil Procedure to cooperate with one another in good faith and to confer on all matters before a motion is filed. See*** FED.R.CIV.P. 26(c); WESTERN DISTRICT OF TX. LOCAL RULE CV-7(h). Any matters that can be resolved will save this Court's time and will save the litigants' valuable time and money. All parties are, therefore, admonished that this Court will strictly adhere to the requirement that they confer in good faith prior to filing any motion with this Court. In this regard, the parties must attach a certificate of conference to all motions attesting the parties have so conferred in good faith, and stating the specific reason(s) that no agreement could be reached. Additionally, the parties should be prepared to support their efforts to confer with documentation in the form of correspondence, emails, or witness statements.

**SIGNED** June 29, 2011.

_____

JOHN W. PRIMOMO
UNITED STATES MAGISTRATE JUDGE