```
           UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF TEXAS
               SAN ANTONIO DIVISION
```

**RONALD M. AYERS,**              \*
                                  \*
       **Plaintiff,**      \*
                                  \*
  **v.**                       \*   **CIV. NO. SA-10-CA-612-FB**
                                  \*
**BOARD OF REGENTS UNIVERSITY OF**  \*
**TEXAS SYSTEM,**                 \*
                                  \*
       **Defendant.**      \*

## ORDER

Before the Court is defendants, James D. Dannebaum, Paul L. Foster and Printice L. Gary, the Board of Regents,' Motion to Quash and for Protective Order. (Docket no. 62). Upon consideration of the motion and applicable law, and following a hearing, the Court **DENIES AS MOOT** defendants' motion to quash the subpoenas of Mr. Gabler, President Romo and Dean De La Vina; and further, **DENIES IN PART** and **GRANTS IN PART** defendants' motion for protective order.

## Factual and Procedural Background

Plaintiff, Ronald M. Ayers, was terminated from his position as a tenured Associate Professor of Economics at UTSA on July 24, 2008. Appearing *pro se*, Ayers filed the original complaint in this case on July 26, 2010, on a form wherein he briefly alleged that he was deprived of due process of law in connection with that termination, and that he was the victim of age and gender discrimination. (Docket no. 1). After obtaining counsel several months later, plaintiff filed an amended complaint on June 28,

2011.  (Docket no. 38).  A second amended complaint was filed on July 6, 2011, naming as defendants UTSA, Romo, Ambrosino, De La Vina, and all nine members of the Board of Regents of UTSA. (Docket no. 44).  The complaint alleged the following causes of action under Section 1983: 1) a "substantive due process" claim for terminating plaintiff's employment "for reasons which were false, stigmatizing, and published" and/or in violation of the Fifth and Fourteenth Amendments; 2) an unlawful detention claim in violation of the Fourth and Fourteenth Amendments; 3) an equal protection and gender discrimination claim in violation of the Fourteenth Amendment; and 4) a "procedural due process" claim for "failing to follow established procedures" in connection with his termination in violation of the Fourteenth Amendment.  Additionally, plaintiff alleged that his termination violated the FMLA and that the defendants were liable for 1) negligent hiring, supervision, training and retention; 2) fraudulent misrepresentation; 3) intentional infliction of emotional distress; 4) breach of contract; and 5) tortious interference with a contract.  An order dismissing all claims against UTSA was entered *sua sponte* on July 28, 2011.  (Docket no. 50).

   Thereafter, defendants filed a second motion to dismiss and for summary judgment, arguing that plaintiff's Section 1983 claims and state law claims should be dismissed based on sovereign immunity, failure to properly plead, and the expired statute of

2

limitations. (Docket no. 51). On October 19, 2011, defendants' motion was granted in part and denied in part. (Docket no. 56). The court dismissed plaintiff's unlawful detention claim as untimely but found all of the remaining claims were timely filed. (Id.) Further, the court noted that plaintiff had abandoned his claims against the defendants in their individual capacities; however, the Court found that although suits against state officials in their official capacities are generally barred by the Eleventh Amendment absent a waiver or exception to immunity, the ***Ex Parte Young*** exception permits suits to enjoin state officials from continuing violations of federal law. ***Ex Parte Young***, 209 U.S. 123 (1908). Pursuant to the ***Ex Parte Young*** doctrine, retrospective relief, such as money damages, is barred. *Id.* Thus defendants' motion for summary judgment was granted as to plaintiff's request for actual and punitive damages and denied as to plaintiff's request for reinstatement and declaratory relief.

Finally, the court also dismissed plaintiff's state law claims. The court emphasized that "[t]he effect of [this] Order was to dismiss everything except the Plaintiff's claim for prospective relief against all Defendants in their official capacities." (Docket no. 60). Subsequently, the Court also dismissed McHugh, Caven, Barnhill, Huffines, Longoria, Rowling, Romo, Ambrosino and De La Vina, finding that "[o]nly the [current] Board of Regents would possess the authority to grant [the

3

injunctive relief requested by the Plaintiff]." (Docket no. 60). As a result, the only defendants currently remaining in this suit are incumbent regents Dannenbaum, Foster and Gary, who are being sued in their official capacities for reinstatement and declaratory relief pursuant to Section 1983 under a "substantive due process" claim for terminating plaintiff's employment "for reasons which were false, stigmatizing, and published" and/or in violation of the Fifth and Fourteenth Amendments, 2) an equal protection and gender discrimination claim in violation of the Fourteenth Amendment, and 3) a "procedural due process" claim for "failing to follow established procedures" in connection with his termination in violation of the Fourteenth Amendment; and for terminating him in violation of the FMLA. Plaintiff seeks to depose the following nonparties, arguing that they are essential to his remaining claims.

## *I. Dean De La Vina*

Although terminated from this suit due to her lack of authority to reinstate plaintiff, Lynda De La Vina was the Dean of the School of Business at UTSA at all relevant times in question. Further, De La Vina appears to have personal knowledge of the following: the initial student complaint and investigation, including the IT and police department findings and/or reports; the meeting held involving the Dean, plaintiff and allegedly, armed police officers and/or a human resource person and referred to by

plaintiff as a "Star Chamber"; the dissemination of information pertaining to the meeting between the Dean and plaintiff; the Tribunal's findings and decision regarding the complaint against Ayer and his employment with UTSA; the decision to appeal the Tribunal's decision; any communications with President Romo concerning Ayer's termination; and Ayer's termination and events surrounding the termination.  Further, as the Dean of the School of Business, De La Vina should have knowledge of the established procedures for disciplining and/or terminating tenured employees and be familiar with instances involving similarly situated employees.

Accordingly, defendants' motion for protective order is **DENIED IN PART** as to Dean De La Vina's deposition testimony regarding these specific issues.  Defendants' motion for protective order as to Dean De La Vina's deposition testimony is **GRANTED IN PART** as to all other matters.

*II. President Romo*

President Romo also appears to have personal knowledge of the investigation and events surrounding Ayer's termination, the decision by the Faculty, and more importantly, the decision to appeal the Faculty's decision.  He also apparently communicated with Dean De La Vina concerning Ayer's termination. Additionally, as the President of the University, Mr. Romo should have knowledge of the procedure for disciplining and/or terminating tenured

employees, including the appeal process, and be familiar with other instances in which the Tribunal's decision was appealed.

Accordingly, defendants' motion for protective order is **DENIED IN PART** as to testimony by President Romo regarding these specific issues. Defendants' motion for protective order as to President Romo is **GRANTED IN PART** as to all other matters.

### III. *Mr. Gabler*

Mr. Gabler was the UTSA spokesman during the time in question. Although more recently Mr. Gabler has encountered legal difficulties of his own, counsel for plaintiff assures the Court that he has no intention of questioning Mr. Gabler these more recent and unrelated events. However, based on counsel for plaintiff's representations during the hearing, undisputed by opposing counsel, Mr. Gabler apparently has personal knowledge of discussions and/or meetings with President Romo and possibly others regarding the complaints against Ayers, the Faculty decision regarding Ayers, the decision to appeal the Faculty's recommendation, and the decision to terminate Ayers.

Accordingly, defendants' motion for protective order is **DENIED IN PART** as to these issues. Defendants' motion for protective order as to President Romo is **GRANTED IN PART** as to all other matters.

## Conclusion

For the foregoing reasons, defendants' motion to quash the

6

subpoenas is **DENIED AS MOOT** and defendants' motion for protective order is **DENIED IN PART** and **GRANTED IN PART** in accordance with this order.

It is so **ORDERED**.

**SIGNED** June 11, 2012.

_____
JOHN W. PRIMOMO
UNITED STATES MAGISTRATE JUDGE