IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| RONALD M. AYERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. SA-10-CA-612 |
| | § | |
| JAMES D. DANNENBAUM, PAUL L. FOSTER, and PRINTICE L. GARY, in their Official Capacities as Members of the Board of Regents of the University of Texas System, | § § § § § § § | |
| | § | |
| Defendants. | § | |

## ORDER REGARDING MOTION FOR SUMMARY JUDGMENT

This is a civil action for injunctive and declaratory relief under 42 U.S.C. § 1983 and the Family and Medical Leave Act, 29 U.S.C. § 2611 *et seq.* (FMLA). Defendants have filed a motion for summary judgment as to the claims under Section 1983,[1] Plaintiff has filed a response, and Defendants have filed a reply. Having considered the motion, response, and reply the Court finds that Defendants' motion should be granted.

### I. Introduction

The summary judgment evidence establishes the following facts: Plaintiff was employed for 27 years as a professor of economics at the University of Texas at San Antonio (UTSA). Starting in the year 2004, Plaintiff eschewed purchasing private internet services for

---

[1] They have not mentioned, and so the Court will not address, the claim under the FMLA.

his home, opting instead to use exclusively the internet access provided by UTSA. And use it he did. By his own admission, beginning in the year 2004, he spent approximately six hours per week viewing pornographic web sites using UTSA's internet services. In March, 2006, a student complained to the UTSA police that she had overheard sexual noises emanating from Plaintiff's office and that it made her uncomfortable. A subsequent investigation revealed that numerous pornographic web sites had been accessed using Plaintiff's computer. On April 3, 2006, Kenneth Weiher, Plaintiff's department chair, met with him regarding the allegations. In that meeting, Plaintiff denied "saving" any pornography on his computer and did not volunteer that he had viewed pornography at work. After this meeting, Plaintiff destroyed numerous pornographic files from his computer. On April 5, 2006, Plaintiff had a meeting with Weiher, Dean Lynda de la Vina, and Senior Associate Dean Daniel Hollas, at which he admitted to recreational viewing of pornography at work. Following the meeting, Plaintiff was placed on paid administrative leave.

On December 6, 2006, Provost Rosalie Ambrosino recommended that the termination process be initiated against Plaintiff. On March 13 and 18, 2008, a Faculty Hearing Tribunal comprised of disinterested UTSA faculty convened to hear testimony regarding Plaintiff's alleged misbehavior. Plaintiff was present, represented by counsel, and given the opportunity to testify at both sessions.

On May 6, 2008, the Tribunal determined that (1) Plaintiff had used a UTSA computer to access pornographic web sites; (2) Plaintiff had deleted files relating to the investigation; (3) Plaintiff had offered varying and contradictory explanations for his behavior; and (4) Plaintiff's explanations were not supported by the evidence. Despite these findings, the Tribunal decided not to recommend termination. On July 18, 2008, the Regents conducted an independent review of the record and decided to terminate Plaintiff's employment contrary to the Tribunal's recommendation. The Regents cited the following grounds for termination: (1) viewing pornographic materials on a UTSA computer; (2) offering varying explanations for his behavior over time that were not supported by the evidence; and (3) deleting records relating to the allegations from his computer. At some point, unidentified persons allegedly told other unidentified persons that Plaintiff was discharged for watching child pornography.

Plaintiff alleges two claims under Section 1983: (1) sex discrimination; and (2) deprivation of a liberty interest without due process of law.[2] He also alleges a violation of the FMLA. Defendants have moved for dismissal of Plaintiff's claims under

---

[2] Both Counsel for Plaintiff and Counsel for Defendant appear to be confused about the nature of Plaintiff's claims. Both parties assert that the Plaintiff has stated a "substantive due process" claim as well as a "procedural due process" claim. This is simply not so. Plaintiff alleges that he was terminated for reasons that were false and stigmatizing, which would be a deprivation of procedural due process. Because Plaintiff has not made a claim of a substantive due process violation, the Court will not discuss the law of substantive due process.

Section 1983 on grounds that (1) his sex discrimination claim is preempted by Title VII; (2) the summary judgment evidence shows that he was afforded all of the process which was due; and (3) he has failed to produce evidence that the reasons for his termination were false, publicized, and stigmatizing.

## II. Sex Discrimination

Plaintiff first attempts to assert a claim of sex discrimination under Section 1983. However, Title VII provides the exclusive remedy for individuals alleging sex discrimination in public employment. **Lakoski v. James**, 66 F.3d 751, 755 (5th Cir. 1995). Plaintiff cannot bypass the administrative processes required under Title VII by simply alleging his sex discrimination claim under Section 1983. Because Plaintiff's Section 1983 sex discrimination claim is preempted, Defendants are entitled to summary judgment in their favor as to this claim.

## III. Procedural Due Process

"If the government discharges an employee amidst allegations of misconduct, the employee may have a procedural due process right to notice and an opportunity to clear his name." **Bledsoe v. City of Horn Lake**, 449 F.3d 650, 653 (5th Cir. 2006). To maintain a claim of deprivation of a liberty interest without due process, a plaintiff must show that (1) he was discharged; (2) the reasons for his discharge were false; (3) the false accusations were stigmatizing; (4) the false and stigmatizing accusations were

Section 1983 on grounds that (1) his sex discrimination claim is preempted by Title VII; (2) the summary judgment evidence shows that he was afforded all of the process which was due; and (3) he has failed to produce evidence that the reasons for his termination were false, publicized, and stigmatizing.

## II. Sex Discrimination

Plaintiff first attempts to assert a claim of sex discrimination under Section 1983. However, Title VII provides the exclusive remedy for individuals alleging sex discrimination in public employment. **Lakoski v. James**, 66 F.3d 751, 755 (5th Cir. 1995). Plaintiff cannot bypass the administrative processes required under Title VII by simply alleging his sex discrimination claim under Section 1983. Because Plaintiff's Section 1983 sex discrimination claim is preempted, Defendants are entitled to summary judgment in their favor as to this claim.

## III. Procedural Due Process

"If the government discharges an employee amidst allegations of misconduct, the employee may have a procedural due process right to notice and an opportunity to clear his name." **Bledsoe v. City of Horn Lake**, 449 F.3d 650, 653 (5th Cir. 2006). To maintain a claim of deprivation of a liberty interest without due process, a plaintiff must show that (1) he was discharged; (2) the reasons for his discharge were false; (3) the false accusations were stigmatizing; (4) the false and stigmatizing accusations were

publicized; (5) he was not provided notice or an opportunity to be heard prior to the discharge; (6) he requested a hearing to clear his name; and (7) his employer denied this request. **Id**. When the employee is afforded a hearing, to satisfy the requirements of due process the employer must (1) advise the employee of the cause for his termination in sufficient detail to enable him to show any error that may exist; (2) advise him of the names and nature of the testimony of witnesses against him; (3) give him a meaningful opportunity to be heard in his own defense; and (4) have the hearing conducted by an impartial tribunal. **Ferguson v. Thomas**, 430 F.2d 852, 856 (5th Cir. 1970).

It is undisputed that Plaintiff was notified of the reasons for his termination, afforded a hearing before an impartial tribunal, permitted to be present and testify at the hearing, and was represented by counsel. Rather than attempt to demonstrate that there is an issue of material fact as to any of these procedural protections, Plaintiff argues that he is entitled to relief because "Defendants forced Plaintiff to be placed on [m]edical leave, forced Plaintiff to seek psychotherapy, branded Plaintiff a threat to the university, breached Plaintiff's contract, intentionally inflicted severe emotional distress upon Plaintiff, failed to properly train, supervise, and train its supervisors to comply with State and Federal Law, failed to follow the recommendations of the unanimous vote of an uncontroverted record, refused to allow

Plaintiff the academic freedom to engage in the act of exploring, researching, and publishing research related to pornography, and punished Plaintiff for engaging in research related to a subject matter protected by the First Amendment of the U.S. Constitution" (Pl. Resp. to Def. Mot. For Summary J., Doc. No. 82 at 9).

None of Plaintiff's litany of complaints has any relation to whether he was afforded the procedural due process guaranteed by the Fourteenth Amendment. Most of his arguments relate to claims that the Court dismissed in its Order Regarding Defendants' Motion to Dismiss and for Summary Judgment (Doc. No. 56). The only argument unrelated to those claims is that the failure of the Board of Regents to follow the recommendations of the tribunal was somehow a violation of procedural due process. Plaintiff has produced no authority, and the Court's independent research has revealed none, that supports his contention that such a claim exists.

Even if the Defendants had failed to provide these procedural protections to Plaintiff, his due process claim would fail. Plaintiff alleges that the false, stigmatizing, and publicized reason for his termination was that he was a child pornographer. However, it is undisputed that the official reasons for his termination were: (1) viewing pornographic materials on a UTSA computer; (2) offering varying explanations for his behavior over time that were not supported by the evidence; and (3) deleting

records relating to the allegations from his computer. It is also undisputed that all of these findings are true. Plaintiff attempts to support his due process claim with an affidavit alleging that certain unknown individuals told other unknown individuals that he was fired for being involved in child pornography. He admits that he does not know who these individuals are or whether they were members of the Board of Regents, members of the impartial tribunal, uninvolved colleagues, imaginative students, butchers, bakers, or candlestick makers. He has produced no evidence tending to show that false allegations were publicized by his employer. His evidence only tends to show that somebody somewhere said something to somebody else that connected the Plaintiff to child pornography. This is clearly insufficient to state a claim of deprivation of due process in connection with the termination of his employment.

### IV. Conclusion

There are no genuine issues of material fact with regard to Plaintiff's claims under Section 1983. As noted earlier, Defendants have not sought relief from Plaintiff's claim under the Family and Medical Leave Act, and that claim remains pending.

It is therefore ORDERED that Defendants' motion for summary judgment as to all claims asserted under 42 U.S.C. § 1983 (Doc. No. 71) be, and it is hereby, GRANTED.

SIGNED AND ENTERED THIS ___1st___ day of October, 2012.

HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE